FILED IN MY OFFICE
DISTRICT COURT CLERK
5/31/2017 1:35:38 PM
James A. Noel
Latoya Grayes

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

FREDERICK JENSEN,

    Plaintiff,

v.   No. D-202-CV-2017-03851

NATIONWIDE INSURANCE,
a/k/a DEPOSITORS INSURANCE COMPANY,
a/k/a ALLIED INSURANCE
d/b/a WELLS FARGO INSURANCE INC.,

    Defendant.

### COMPLAINT FOR BAD FAITH; BREACH OF CONTRACT; VIOLATIONS OF THE NEW MEXICO UNFAIR CLAIMS PRACTICES AND UNFAIR TRADE PRACTICES ACTS

COMES NOW, Plaintiff, by and through his attorneys of record, the LAW OFFICES OF DAVID M. HOULISTON (David M. Houliston), and for his Complaint, states as follows:

1. Plaintiff, Frederick Jensen, is a resident of Moriarty, Torrance County, New Mexico, is over the age of 18 years, and is otherwise *sui juris*.

2. Defendant, Nationwide Insurance, a/k/a Depositor's Insurance Company, a/k/a Allied Insurance, a/k/a Wells Fargo Insurance (Nationwide) is a foreign, for-profit corporation doing business throughout the State of New Mexico. Nationwide's statutory agent for service of process is Superintendent of Insurance for State of New Mexico, 1120 Paseo de Peralta, Santa Fe, New Mexico 87501.

3. The motor vehicle accident giving rise to this matter occurred in Bernalillo County, New Mexico.



4. Jurisdiction and venue are proper in State District Court for the County of Bernalillo, New Mexico, pursuant to N.M.S.A. § 38-3-1(A),(F), 1978 (Repl. 1998).

## GENERAL ALLEGATIONS

5. Plaintiff entered into a contract for automobile liability insurance coverage with Wells Fargo Insurance Company, who sold the subject insurance policy, issued and processed by Nationwide under policy number PPXM0047234632, ("the policy") with said policy in force and effect at all times material hereto, and specifically including September 3, 2016.

6. On or about September 3, 2016, Plaintiff was lawfully operating his motorcycle eastbound on Highway 556, Pueblo of Sandia, Bernalillo County, New Mexico, when Silas Talkalai, traveling west on Highway 556, failed to observe the traffic signal in the course of making a left turn onto the south frontage road of Interstate 25 and collided with Plaintiff. Plaintiff was thrown from his motorcycle and sustained serious injuries. He was transported to University of New Mexico Hospital by Ambulance. His injuries were such that he required hospitalization for nearly 60 days and ongoing homecare.

7. Silas Talkalai's failure to observe the traffic signal and yield to oncoming traffic caused the crash, and he was cited for such.

8. Silas Talkalai had automobile liability coverage with Safeway in the amount of $25,000.

9. Plaintiff's three vehicles, a 1994 Dodge Dakota (12B7FL26X9RW109598); a 2000 Chevrolet Silver1500 (2GCEC19V4Y1332766); and a 1994 Buick Le Sabre (1G4HP52LXRH545541) were insured by Nationwide, under the policy. Each vehicle carried Uninsured/Underinsured Motorist Coverage in the amount of $100,000/$300,000.

10. Plaintiff suffered significant personal injuries from the crash extending beyond the limits of the Safeway's liability policy.

11. Under the terms of Plaintiff's policy with Nationwide, Nationwide is liable to pay Plaintiff's damages because Plaintiff sustained bodily injuries caused as a result of the negligence of Silas Talkalai over and above the amounts available to Silas Talkalai's policy.

12. Defendant Nationwide has acknowledged Plaintiff's entitlement to recovery of Damages under the subject policy, but has taken the position that coverage on his three vehicles is not stackable.

13. Pursuant to *Jordan v. Allstate & Romero v. Progressive*, NMSC No. 32,063 and *Progressive v. Weed Warrior*, NMSC No. 32,220 Nationwide must reform its Uninsured/Underinsured limits to the level of liability limits in the amount $300,000.

## COUNT I
## BREACH OF CONTRACT AND FIDUCIARY DUTIES UNDER CONTRACT

14. Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

15. When Plaintiff purchased insurance from Nationwide, he relied upon and placed his trust in Nationwide to act in good faith and in a reasonable manner to sell Plaintiff the appropriate insurance so that in the event Plaintiff should ever need to make a claim against his policy, he would have adequate coverage and his losses would be paid promptly and fairly.

16. Nationwide, and its employees and agents, entered into a fiduciary relationship with Plaintiff. Nationwide had and has a duty to use the skill, care and knowledge of their claims representatives and underwriters in evaluating and investigating claims made by its insureds in a prompt and thorough manner.

17. The insurance policy requires Defendant to honor its obligations under the subject policy.

18. Defendant either intentionally or, in the alternative, negligently, breached the insurance policy contractual provisions by failing to honor Plaintiff's requests for Underinsured Motorist Coverage at limits equal to the bodily injury liability coverages in the same policy, and in failing to pay claims under the policy. As a direct result, the Plaintiff has suffered damages and will suffer damages in the future in an amount not presently determinable but to be proven at the time of trial.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

19. Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

20. Implicit in the contract of insurance between the Plaintiff and Defendant was the covenant that Defendant would, at all times, act in good faith and deal honestly and fairly with the Plaintiff entitled to compensation for damages under his policy.

21. Defendant breached the implied covenant of good faith and fair dealing, in one or more of the following ways, including but not limited to:

   a. Failing and refusing to disclose, admit and acknowledge coverage in this matter;

   b. Failing and refusing to promptly and fairly investigate, process, determine and decide Plaintiff's claims under the policy referenced above;

   c. Denying coverage to its insured, the Plaintiff, under the policy;

   d. Failing and refusing to cover its insured, the Plaintiff, under the full Underinsured Motorist Portion of the policy.

22. As a direct and proximate result Defendant's acts and omissions alleged herein, Plaintiff suffered damages in an amount to be proven at trial.

23. Defendant's acts and omissions alleged herein and breach in the implied covenant of good faith and fair dealings were done intentionally, willfully, wantonly, grossly, maliciously and/or with reckless disregard for the rights of the Plaintiff. Accordingly, the Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury and sufficient to punish the Defendant for its misconduct and to deter others from similar conduct in the future.

### COUNT III
### VIOLATIONS OF THE NEW MEXICO UNFAIR CLAIMS AND TRADE PRACTICES ACTS

24. Plaintiff re-alleges all previous paragraphs of this Complaint and incorporates the same as though set forth fully herein.

25. Plaintiff was insured under the policy issued and adjusted by Defendant.

26. Defendant owed Plaintiff the duties of good faith, fair dealing, and the accompanying fiduciary obligations.

27. In the sale and provision of insurance, and in the handling of the underinsured motorist claim, Defendant failed to exercise good faith, unreasonably delayed payment, and failed to give the interests of its insured (the Plaintiff) the same consideration it gave its own interests.

28. Defendant's failure to pay Plaintiff's Underinsured Motorist Claims for the full amount of Uninsured Motorist coverage was unfounded, unreasonable, and in bad faith.

29. Defendant misrepresented the terms of the policy sold and provided to Plaintiff, and/or failed to disclose material facts reasonably necessary to prevent other statements from

being misleading; failed to implement and follow reasonable standards in the sale and provision of insurance; and failed to follow Defendant's own customary practices and procedures.

30. Defendant's acts and failures to act were in reckless disregard of Plaintiff's rights as an insured under the subject policy.

31. Defendant's acts and practices took advantage of the lack of knowledge and experience of the Plaintiff to a grossly unfair degree.

32. Defendant failed to abide by its statutory duties under the New Mexico Unfair Claim Practices Act, NMSA §59A-16-1, *et seq*, and such violations are negligence *per se*.

33. Defendant misrepresented to its insured, pertinent facts or policy provisions relating to coverages at issue, in violation of NMSA § 59A-16-20(A).

34. Defendant failed to acknowledge and act reasonably and promptly upon communications with respect to claims from its insured arising under the policy, in violation of NMSA § 59A-16-20(B).

35. Defendant failed to adopt and implement reasonable standards for the prompt investigation and processing if its insured's claims arising under the policy, in violation of NMSA § 59A-16-20(C).

36. Defendant failed to properly affirm and pay the coverage for claims of its insured within a reasonable period of time after proof of loss requirements under the policy was completed and submitted by Plaintiff, in violation of NMSA § 59A-16-20(D).

37. Defendant did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff's claims in which liability has become reasonably clear, in violation of NMSA § 59A-16-20(E).

38. Defendant compelled Plaintiff to institute litigation to recover amounts due under the policies by offering substantially less (i.e. nothing) than the amounts claimed by Plaintiff and that will ultimately recovered in actions brought by Plaintiff, in violation of NMSA § 59A-16-20(G).

39. Defendant has denied or attempted to settle Plaintiff's claims for less than the amount a reasonable person would have believed they were entitled to by reference to the declaration pages of the policy, in violation of NMSA § 59A-16-20(H).

40. Defendant failed to promptly provide Plaintiff with a reasonable explanation of the basis relied upon in the policy in relation to the facts and the applicable law for denial of his claims, in violation of NMSA § 59A-16-20(N).

41. Defendant failed to abide by its statutory duties under the New Mexico Unfair Trade Practices Act, NMSA § 57-12-3. Such violations are negligence *per se.*

42. Defendant committed unfair trade practices in the sale and provision of insurance to Plaintiff by representing that the insurance had benefits or qualities that it did not have; in violation NMSA § 57-12-2(D)(5) and 57-12-3.

43. Defendant represented the subject insurance was of a particular standard or quality, when it was not, in violation NMSA §§ 57-12-2(D)(6) and 57-12-3.

44. Defendant used ambiguity and failed to state material facts, which tended to deceive Plaintiff, in violation NMSA §§ 57-12-2(D)(14) and 57-12-3.

45. Defendant stated that the insurance purchase transaction involved rights, remedies, and obligations that they now say it did not have, in violation NMSA §§ 57-12-2(D)(15) and 57-12-3.

46. Defendant failed to deliver the quality or quantity of insurance coverage contracted for, in violation NMSA §§ 57-12-2(D)(17) and 57-12-3.

47. Defendant conducted unconscionable trade practices in the connection with the sale and servicing of insurance products, to Plaintiff's detriment, by taking advantage of Plaintiff's lack of knowledge and experience to a grossly unfair degree, in violation NMSA §§ 57-12-2(E)(1) and 57-12-3.

48. Defendant's failure to act in good faith and Defendant's violations of the Insurance Code and Trade Practices Act are proximate causes of damages sustained by Plaintiff.

49. Defendant's conduct was in bad faith, malicious, willful, wanton, fraudulent and/or in reckless disregard of Plaintiff's rights.

50. Plaintiff is entitled to attorney's fees and costs pursuant to NMSA §57-12-10, §59A-16-30 and §39-2-1.

51. As a direct and proximate result of Defendant's acts and omissions, Plaintiff has sustained damages, in addition to the damages common to all counts of this Complaint, including but not limited to the actual damages incurred, the cost of prosecution of this lawsuit, attorneys' fees, and interest on the sums owed under the policy. These injuries and damages are ongoing, permanent, and are expected to continue in the future. Plaintiff has been forced to retain the services of attorneys to enforce his rights herein, and as such, pursuant to NMSA §57-12-10 and §39-2-1, he is entitled to an award of attorney's fees and costs associated therewith.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this Court for judgment against the Defendant for all compensatory damages; punitive damages; treble damages as allowed under New Mexico law; pre- and post-judgment interest; attorney fees and costs; and all other relief that the Court deems just and proper.

Respectfully submitted:

**LAW OFFICES OF DAVID M. HOULISTON**

*/s/David M. Houliston*
DAVID M. HOULISTON
*Attorney for Plaintiff*
500 Tijeras NW
Albuquerque, NM 87102
Phone: (505) 247-1223
Fax: (505) 214-5204
david@houlistonlaw.com