# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

FREDERICK JENSEN,

     Plaintiff,

vs.                                          Case No. 1:17-cv-00743-LF/KBM

DEPOSITORS INSURANCE COMPANY,

     Defendant.

## **STIPULATED CONFIDENTIALITY ORDER**

Upon stipulation of the parties for an order pursuant to Fed. R.Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1.     As used in the Confidentiality Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" includes any materials within the scope of Fed. R. Civ. P. 26 and 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors employed as contractors, as opposed to employees, by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as **Exhibit A**.

2.     A party may designate a document "Confidential" in order to protect from disclosure any information in the document within the scope of Fed. R. Civ. P. 26(c).

3.     All Confidential documents, along with all information therein, shall be used solely for the purpose of the above-captioned action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or any contents thereof to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

    (a) The parties, including the employees and agents of the parties;

    (b) The Court and its staff;

    (c) Attorneys, their law firms, and their Outside Vendors;

    (d) Any person shown on the face of the document to have authored or received the same;

    (e) Court reporters retained to transcribe testimony;

    (f) Outside independent persons (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus-group members or the like, or to furnish technical or expert services, and/or to give testimony in the above-captioned action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of this Confidentiality Order shall be served along with any Subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production to all counsel of record, during which period any party may designate such documents as "Confidential" pursuant to the terms of this Confidentiality Order.

6. Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached hereto as **Exhibit A**. All executed "Written Assurance" forms shall be provided to all counsel of record within 30 days after the entry of the order fully and finally concluding litigation of the above-numbered cause. All counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable

description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to all counsel within 14 days after receipt of the officially prepared transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the officially prepared transcript. The deposition, or any portion thereof, of any witness who does or may possess Confidential information shall be taken only in the presence of persons who are hereby authorized to have access to such information.

8. Any party who/that fails to identify any produced document(s) as "Confidential" shall, promptly upon discovery of his/her/its failure to so designate such document(s), provide written notice of the error to all counsel and substitute appropriately designated document(s). Any party receiving such improperly designated document(s) shall retrieve such document(s) from persons not entitled to receive such document(s) and, upon receipt of the substitute document(s), shall return or destroy the improperly designated document(s).

9. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for sealed records for the U.S. District Court, District of New Mexico. Prior to disclosure, at trial or any hearing, of

materials or information designated "Confidential," the parties may seek such further protections against public disclosure as may be available from the Court.

10. Any party may request a change in the designation of any information designated "Confidential." No such document shall be treated as redesignated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. Within 60 days after the final termination of the above-captioned action, including any appeals, Attorneys for each party shall either destroy or return to the producing party or third party all documents designated by such party as "Confidential," together with all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, notwithstanding the foregoing, Attorneys shall be entitled to retain a set of all documents filed with the Court, and this Confidentiality Order shall thereafter continue to apply to all Confidential materials therein, in perpetuity.

12. Any party may apply to the Court for a modification of this Confidentiality Order, and nothing in this Confidentiality Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No action taken in accordance with this Confidentiality Order shall, other than is set forth hereinabove, be construed as a waiver of any statutory or common-law privilege or

other protection from production, any claim or defense in the action, or of any position as to discoverability or admissibility of evidence.

14. The obligations imposed by this Confidentiality Order shall survive the termination of this action.

                                                                                   _____
                                                                   U.S. MAGISTRATE JUDGE KAREN B. MOLZEN

Stipulated to by:

CIVEROLO, GRALOW & HILL, P.A.


By   */s/ David M. Wesner*
       Lisa Entress Pullen
       David M. Wesner
       *Attorneys for Defendant, Depositors Insurance Company*
       P.O. Drawer 887
       Albuquerque, NM 87103-0887
       (505) 842-8255
       pullenl@civerolo.com
       wesnerd@civerolo.com



LAW OFFICES OF DAVID M. HOULISTON


By   *Approved via 12/15/17 e-mail*
       David M. Houliston
       *Attorney for Plaintiff*
       500 Tijeras Avenue NW
       Albuquerque, New Mexico 87102
       (505) 247-1223
       david@houlistonlaw.com

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____. I have read and I understand the terms of the Confidentiality Order dated _____, filed in Case No. 1:17-cv-00743, pending in the United States District Court for the District of New Mexico. I agree to comply with and be bound by the provisions of this Confidentiality Order. I understand that any violation of the Confidentiality Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Confidentiality Order, or the contents of such documents, to any person other than those specifically authorized by the Confidentiality Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Confidentiality Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of New Mexico for the purpose of enforcing or otherwise providing relief relating to the Confidentiality Order.

Executed on _____                    _____
               (Date)                                                           (Signature)